ROBERT T. SULLWOLD (SBN 88139)
JAMES A. HUGHES (SBN 88380)
SULLWOLD & HUGHES
235 Montgomery Street, Suite 730
San Francisco, CA 94104
(415) 263-1850
(415) 989-9798 FAX

Attorneys for Plaintiff
salesforce.com, inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SALESFORCE.COM, INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE COMPUTER MERCHANT, LTD, a Massachusetts Corporation,<br><br>                    Defendant. | Case No.:  C 07 3556 WHA<br><br>REPLY OF SALESFORCE.COM, INC. TO COUNTERCLAIM OF THE COMPUTER MERCHANT, LTD. |
| AND RELATED COUNTERCLAIMS | |

Plaintiff and Counterdefendant salesforce.com, inc. ("SFDC"), in response to the counterclaim of The Computer Merchant, Ltd. ("TCM"), admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1.   SFDC admits that the Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, that TCM's counterclaims allegedly arise from the same facts and circumstances as the complaint, and that as alleged, such claims are compulsory counterclaims in this action. Except as expressly admitted, SFDC denies the allegations of Paragraph 1 of the counterclaim.

2.   SFDC admits that GrowthCircle LLC ("GrowthCircle"), a predecessor to Astadia

1

Consulting, LLC ("Astadia"), entered into a professional services agreement with TCM to provide services identified in a Statement of Work executed by TCM and GrowthCircle. Except as expressly so admitted, SFDC denies the allegations of Paragraph 2 of the counterclaim.

3. SFDC is informed and believes and on that ground admits that Astadia does business in California, San Francisco and the Northern District of California, and that Astadia provides consulting services to customers of SFDC. Except as expressly admitted, SFDC denies the allegations of Paragraph 3 of the counterclaim.

4. SFDC admits the allegations of Paragraph 4 of the counterclaim.

5. SFDC admits that it conducted demonstrations of its application in Massachusetts, that meetings occurred between and among TCM, SFDC and GrowthCircle in Massachusetts, and that GrowthCircle provided services to TCM in Massachusetts. SFDC also admits that TCM and SFDC agreed that the state and federal courts in San Francisco shall have exclusive jurisdiction over any dispute arising out of or related to the Master Subscription Agreement ("MSA") between TCM and SFDC. In addition, SFDC is informed and believes, and on that ground alleges that TCM and GrowthCircle similarly agreed that any dispute relating to their agreement shall be instituted in state or federal court in San Francisco. TCM's purported reservation of the right to move for change of venue does not constitute an allegation to which a response from SFDC is required. Except as expressly admitted or alleged, or as to allegations to which no response is necessary, SFDC denies the allegations of Paragraph 5 of the counterclaim.

6. SFDC has no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the counterclaim, and on that ground denies such allegations.

**ALLEGATIONS COMMON TO ALL COUNTERCLAIMS**

7. SFDC is informed and believes and on that ground admits the truth of the allegations of Paragraph 7 of the counterclaim.

8. SFDC admits that it is a publicly held company, that it offers an on-demand Customer Relationship Management ("CRM") application, and that, through SFDC's AppExchange, both SFDC and third-party application developers offer additional software applications that can be installed in a customer's account with SFDC. Except as expressly admitted, SFDC denies the allegations of

Paragraph 8 of the counterclaim.

9. SFDC admits that in or about November, 2005 TCM contacted SFDC to seek information about SFDC's application, that in January, 2006, TCM informed SFDC that it was proceeding with another vendor's software, that in or about March or April, 2006 TCM again expressed interest in SFDC's application, and that over the following two months SFDC and TCM personnel participated in face-to-face meetings, telephone calls, and exchanges of email. SFDC further admits that these contacts included discussions of replacing certain aspects of TCM's existing business software with the SFDC application, and that TCM provided limited access to the manner in which it used its Lotus Notes software. Except as expressly admitted, SFDC denies the allegations of Paragraph 9 of the counterclaim.

10. SFDC admits that, based on information provided by TCM, SFDC concluded that the features of its application could provide a more efficient solution to certain of TCM's business needs, and that it so informed TCM. SFDC further admits that it demonstrated its application's user interface and discussed with TCM the search features of its application, possible integration with Google maps, the ability to extend the basic SFDC application through AppExchange, and integration of SFDC's application with TCM's legacy software. SFDC further admits that Sal Caruso was involved in discussing these issues and that John Danieli, Jay Powell, and Angela Powell were present at TCM's site in May, 2006 for certain of such discussions and demonstrations. Except as expressly admitted, SFDC denies the allegations of Paragraph 10 of the counterclaim.

11. SFDC admits that it demonstrated its application to TCM on or about May 4, 2006 at TCM's offices. SFDC further admits that its application would not provide all of the functions TCM discussed with SFDC, nor certain of the functions set forth in Paragraph 10 of the counterclaim, without customization and additional software, and alleges that it disclosed that fact to TCM, as did GrowthCircle in its Statement of Work. Except as expressly admitted and alleged, SFDC denies the allegations of Paragraph 11 of the counterclaim.

12. SFDC admits that it stated to that the SFDC application would be hosted and run "off-site," on servers operated and maintained by SFDC, and that off-site hosting would benefit TCM by reducing hardware costs and the risk of system disruption. Except as expressly admitted, SFDC denies

3

the allegations of Paragraph 12 of the counterclaim.

13. SFDC admits that it introduced TCM to GrowthCircle and that TCM representatives met with Matthew Bruce of GrowthCircle during May and June, 2006. SFDC is informed and believes, and on that ground admits, that GrowthCircle stated that it believed it could have the SFDC application "live" by Fall, 2006. Except as expressly admitted, SFDC denies the allegations of Paragraph 13 of the counterclaim.

14. SFDC admits that TCM executed the MSA for 125 user licenses at a subscription fee (including tax) of $230,343.75 per year for SFDC's Unlimited Edition and $14,175.00 per year for Account Intelligence—Standard Regional, totaling $733,556.25 for the three year subscription. SFDC further admits that TCM paid $281,133.01 of this amount, comprised of the first year subscription fees plus certain charges for administrative workshops, consulting services, and expenses. Except as expressly admitted, SFDC denies the allegations of Paragraph 14 of the counterclaim.

15. SFDC is informed and believes and on that ground admits that TCM entered into a professional services agreement with GrowthCircle. SFDC lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Exhibit B to the counterclaim is a true and correct copy of the agreement between TCM and GrowthCircle, and on that basis denies such allegation. Except as expressly admitted or denied on information and belief, SFDC denies the allegations of Paragraph 15 of the counterclaim.

16. SFDC is informed and believes that the allegations of Paragraph 16 of the counterclaim are true and on that ground admits such allegations.

17. SFDC admits that its application would not provide all of the functions TCM discussed with SFDC and/or GrowthCircle without customization and additional software, and alleges that it disclosed that fact to TCM, as did GrowthCircle in its Statement of Work. SFDC is informed and believes and on that ground admits that in order to meet certain specifications ultimately provided to GrowthCircle by TCM, GrowthCircle proposed additional software and hardware solutions. SFDC lacks sufficient knowledge or information to form a belief as to the cost of such additional software and hardware or the additional time (if any) that such solutions would have required, and on that basis denies TCM's allegations concerning such matters. Except as expressly admitted, admitted on information and

4

belief, or denied for lack of sufficient knowledge or information, SFDC denies the allegations of Paragraph 17 of the counterclaim.

**FIRST CLAIM FOR RELIEF**

18. SFDC incorporates by reference its responses to Paragraphs 1 through 17 of the counterclaim and realleges them as if fully set forth herein.

19. SFDC denies the allegations of Paragraph 19 of the counterclaim.

20. SFDC denies the allegations of Paragraph 20 of the counterclaim.

21. SFDC denies the allegations of Paragraph 21 of the counterclaim.

22. SFDC denies the allegations of Paragraph 22 of the counterclaim.

**SECOND CLAIM FOR RELIEF**

23. SFDC incorporates by reference its responses to Paragraphs 1 through 17 of the counterclaim and realleges them as if fully set forth herein.

24. SFDC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the counterclaim, and on that ground denies such allegations.

25. SFDC denies the allegations of Paragraph 25 of the counterclaim.

26. SFDC denies the allegations of Paragraph 26 of the counterclaim.

27. SFDC denies the allegations of Paragraph 27 of the counterclaim.

**THIRD CLAIM FOR RELIEF**

28. SFDC incorporates by reference its responses to Paragraphs 1 through 17 of the counterclaim and realleges them as if fully set forth herein.

29. SFDC denies the allegations of Paragraph 29 of the counterclaim.

30. SFDC denies the allegations of Paragraph 30 of the counterclaim.

**FOURTH CLAIM FOR RELIEF**

31. SFDC incorporates by reference its responses to Paragraphs 1 through 17 of the counterclaim and realleges them as if fully set forth herein.

32. The first sentence of Paragraph 32 of the counterclaim sets forth a summary of TCM's legal contentions and requires no response from SFDC; to the extent a response might be deemed necessary, SFDC denies such allegations.  SFDC denies the remaining allegations of Paragraph

32 of the counterclaim.

33. SFDC denies the allegations of Paragraph 33 of the counterclaim.

**FIFTH CLAIM FOR RELIEF**

34. SFDC incorporates by reference its responses to Paragraphs 1 through 17 of the counterclaim and realleges them as if fully set forth herein.

35. Paragraph 35 of the counterclaim sets forth a summary of TCM's legal contentions and requires no response from SFDC; to the extent a response might be deemed necessary, SFDC admits that every contract contains an implied covenant of good faith and fair dealing and, except as expressly admitted, SFDC denies the allegations of Paragraph 35.

36. SFDC denies the allegations of Paragraph 36 of the counterclaim.

37. SFDC denies the allegations of Paragraph 37 of the counterclaim.

**SIXTH CLAIM FOR RELIEF**

38. SFDC incorporates by reference its responses to Paragraphs 1 through 17 of the counterclaim and realleges them as if fully set forth herein.

39. SFDC denies the allegations of Paragraph 39 of the counterclaim.

40. SFDC denies the allegations of Paragraph 40 of the counterclaim.

**SEVENTH THROUGH ELEVENTH CLAIMS FOR RELIEF**

41. The allegations of Paragraphs 41 through 58 of the counterclaim are not directed against SFDC and accordingly no response is required from SFDC. To the extent a response may be deemed necessary, SFDC denies such allegations.

WHEREFORE, SFDC prays judgment as set forth below.

**AFFIRMATIVE DEFENSES**

SFDC asserts the following separate and distinct defenses to TCM's alleged counterclaims. Insofar as any of the following paragraphs express denial of an element of the claims, or any of them, alleged against SFDC, such expression is in no way intended as a concession that TCM is relieved of its burden to prove each and every element of any such claim.

**FIRST AFFIRMATIVE DEFENSE (Failure to State a Cause of Action)**

1. The counterclaim and each and every cause of action therein fail to state facts

sufficient to constitute a cause of action against SFDC.

**SECOND AFFIRMATIVE DEFENSE (Failure to Mitigate)**

2. TCM failed to exercise reasonable care and diligence to protect itself from or to mitigate any damages that it may have sustained by reason of the matters alleged in the counterclaim

**THIRD AFFIRMATIVE DEFENSE (Estoppel)**

3. The counterclaim and each and every cause of action alleged therein are barred in whole or in part due to TCM's own conduct, which constitutes an estoppel.

**FOURTH AFFIRMATIVE DEFENSE (Waiver)**

4. The counterclaim and each and every cause of action alleged therein are barred in whole or in part because TCM knowingly and voluntarily waived any rights that it may have had to recover sums from SFDC.

**FIFTH AFFIRMATIVE DEFENSE (Parol Evidence Rule)**

5. The First through Fifth claims of the counterclaim are barred in whole or in part by the parol evidence rule as set forth in California Code of Civil Procedure section 1856 and judicial authority.

**SIXTH AFFIRMATIVE DEFENSE (Comparative Fault)**

6. The counterclaim and each and every cause of action alleged therein are barred in whole or in part by TCM's failure to exercise due care or caution for the protection of its interests. Had TCM exercised due care and caution, its damages, if any would otherwise be recoverable, would have been avoided or lessened.

**SEVENTH AFFIRMATIVE DEFENSE (Actions of Third Parties/Lack of Causation)**

7. The damages, if any, allegedly suffered by TCM were caused by the actions of third parties. Therefore, if SFDC is found liable to TCM, it is entitled to indemnification, reduction in damages, or offset based upon the comparative liability of such other individuals or entities.

**EIGHTH AFFIRMATIVE DEFENSE (Limitation of Remedies)**

8. TCM is barred from recovery by the limitations on remedies set forth in the contracts between TCM and SFDC and between TCM and GrowthCircle.

///

**NINTH AFFIRMATIVE DEFENSE (Constitutionality of Punitive Damages)**

9. An award of punitive damages under the facts alleged would violate the United States and California constitutions.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

10. SFDC has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely on other applicable defenses as may become available or apparent upon clarification of TCM's claims or during discovery in this matter. SFDC reserves the right to amend or seek to amend its answer and/or affirmative defenses.

WHEREFORE, SFDC prays judgment as follows:

1. That TCM take nothing by way of its Counterclaim;

2. That the Counterclaim be dismissed in its entirety with prejudice, and that judgment be entered in favor of SFDC;

3. For costs of suit; and

4. For such other and further relief as the Court deems just and proper.

DATED: September 4, 2007

ROBERT T. SULLWOLD
JAMES A. HUGHES
SULLWOLD & HUGHES

By:    /S/ James A. Hughes
JAMES A. HUGHES
Attorneys for
PLAINTIFF SALESFORCE.COM, INC.