1  CHRISTOPHER D. SULLIVAN [148083]
   McGRANE GREENFIELD LLP
2  One Ferry Building, Suite 220
   San Francisco, CA 94111
3  Telephone:   (415) 283-1776
   Facsimile:   (415) 283-1777
4  Email:       csullivan@mcgranegreenfield.com

5  Attorneys for Counter-Defendant
   Astadia Consulting, LLC
6

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  SALESFORCE.COM, INC., a Delaware corporation, | Case No. 07-CV-03556-WHA |
| 13 | ANSWER OF ASTADIA |
| 14  Plaintiff, vs. | CONSULTING, LLC TO COUNTERCLAIM OF THE COMPUTER MERCHANT, LTD. |
| 15  THE COMPUTER MERCHANT, LTD., a | |
| 16  Massachusetts corporation, | |
| 17  Defendant. | |
| 18  _____ | |
|     THE COMPUTER MERCHANT, LTD., a | |
| 19  Massachusetts corporation, | |
| 20  Counter-Claimant, | |
| 21  vs. | |
| 22 | |
| 23  SALESFORCE.COM, INC., a Delaware corporation; ASTADIA CONSULTING, | |
| 24  LLC, a limited liability company, state of organization unknown, and DOES 1 | |
| 25  THROUGH 10, | |
| 26  Counter-Defendants | |

Counter-Defendant Astadia Consulting, LLC ("Astadia"), in response to the counterclaim of The Computer Merchant, Ltd. ("TCM"), admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1. Astadia admits that the Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, that TCM's counterclaims arise out of certain facts and circumstances as alleged in the complaint and except as expressly admitted otherwise denies the allegations of Paragraph 1 of the counterclaim.

2. Astadia denies the allegations of Paragraph 2 of the counterclaim.

3. Astadia admits that it does business in San Francisco, California and the Northern District of California and provides consulting services to customers of salesforce.com ("SFDC") and except as expressly admitted otherwise denies the allegation in Paragraph 3 of the counterclaim.

4. Astadia is informed and believes that SFDC has its principal place of business in the City and County of San Francisco.

5. Astadia admits that certain of its services were to be performed in Massachusetts; states that it is not obligated to admit or deny whether TCM has reserved its rights to move for a change of venue; and except as expressly admitted otherwise denies the allegation in Paragraph 5 of the counterclaim.

6. Astadia has no knowledge or information sufficient to form a belief as to TCM's allegations in Paragraph 6 of the counterclaim and on that basis denies the allegations in Paragraph 6 of the counterclaim.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

7. Astadia is informed and believes that the allegations in Paragraph 7 of the counterclaim are true and on that basis admits such allegations.

1      8.    Astadia is informed and believes that SFDC is a publicly held
2  company that offers an on-demand Customer Relations Management ("CRM")
3  application, and that through SFDC's AppExchange and third party application
4  developers, offers additional software that can be installed in a customers account
5  with SFDC and on that basis admits such allegations and except as expressly
6  admitted otherwise denies the allegations in Paragraph 8 of the counterclaim.
7      9.    Astadia lacks sufficient personal knowledge or information to either
8  admit or deny the allegations in Paragraph 9 of the counterclaim and on that basis
9  denies the allegations in Paragraph 9 of the counterclaim.
10     10.    Astadia lacks sufficient personal knowledge or information to either
11 admit or deny the allegations in Paragraph 10 of the counterclaim and on that basis
12 denies the allegations in Paragraph 10 of the counterclaim.
13     11.    Astadia admits that SFDC demonstrated its application to TCM on
14 or about May 4, 2006 at TCM's offices.  Astadia further admits that SFDC's
15 application would not provide all of the functions TCM discussed with SFDC, nor
16 certain of the functions set forth in Paragraph 10 of the counterclaim, without
17 customization and additional software, alleges that SFDC disclosed that fact to
18 TCM, as did GrowthCircle in its Statement of Work.  Except as expressly
19 admitted and alleged, Astadia denies the allegations of Paragraph 11 of the
20 counterclaim.
21     12.    Astadia denies the allegation that SFDC acted with the specific
22 intent to defraud TCM and otherwise lacks sufficient personal knowledge or
23 information to either admit or deny the allegations in Paragraph 12 of the
24 counterclaim and on that basis denies the allegations in Paragraph 12 of the
25 counterclaim.
26

1        13.    Astadia admits that GrowthCircle, LLC's ("GrowthCircle) managing partner Matthew Bruce met with representatives of TCM and SFDC in May and June of 2006, and that Bruce stated that he thought the SFDC application could be installed by the Fall of 2006 and except as expressly admitted otherwise denies the allegations in Paragraph 13 of the counterclaim.

       14.    Astadia admits that TCM executed the MSA attached as Exhibit A to the counterclaim, which document speaks for itself; and except as expressly admitted otherwise denies the allegations in Paragraph 14 of the counterclaim.

       15.    Astadia admits that TCM executed the professional services agreement with GrowthCircle attached as Exhibit B to the counterclaim, which document speaks for itself; and except as expressly admitted otherwise denies the allegations in Paragraph 15 of the counterclaim.

       16.    Astadia admits that GrowthCircle merged with a Texas company called MW Advisors, LLC to form Astadia and otherwise declines to admit or deny the remaining allegations in Paragraph 16 of the counterclaim because they call for legal conclusions as to which Astadia is not obligated to admit or deny.

       17.    Astadia admits that customization and additional software would be required to implement the system as disclosed by both SFDC and by GrowthCircle in its Statement of Work and in other places; that, in order to meet requests by TCM, GrowthCircle proposed solutions that involved additional software and hardware solutions; and except as expressly admitted otherwise denies the allegations of Paragraph 17 of the Complaint.

### FIRST THROUGH SIXTH CLAIM FOR RELIEF

       18.    The allegations of Paragraphs 18 through 40 of the counterclaim are not directed against Astadia and therefore no response is required from Astadia.

To the extent a response may be deemed necessary, Astadia denies such allegations.

### SEVENTH CLAIM FOR RELIEF

19. Astadia incorporates by reference its responses to Paragraphs 1 through 17 of the counterclaim and realleges them as if fully set forth herein.

20. Astadia denies the allegations of Paragraph 42 of the counterclaim.

21. Astadia denies the allegations of Paragraph 43 of the counterclaim.

22. Astadia denies the allegations of Paragraph 44 of the counterclaim.

23. Astadia denies the allegations of Paragraph 45 of the counterclaim on the basis that it calls for a legal conclusion and expressly denies any liability of Astadia to TCM.

### EIGHTH CLAIM FOR RELIEF

24. Astadia incorporates by reference its responses to Paragraphs 1 through 17 and 42 through 44 of the counterclaim and realleges them as if fully set forth herein.

25. Astadia denies the allegations of Paragraph 47 of the counterclaim.

26. Astadia denies the allegations of Paragraph 48 of the counterclaim.

### NINTH CLAIM FOR RELIEF

27. Astadia incorporates by reference its responses to Paragraphs 1 through 17 and 42 through 44 of the counterclaim and realleges them as if fully set forth herein.

28. Astadia denies the allegations of Paragraph 50 of the counterclaim.

29. Astadia denies the allegations of Paragraph 51 of the counterclaim.

//

//

//

1  **TENTH CLAIM FOR RELIEF**

2  30.  Astadia incorporates by reference its responses to Paragraphs 1
3  through 17 and 42 through 44 of the counterclaim and realleges them as if fully set
4  forth herein.
5  31.  Astadia denies the allegations of Paragraph 53 of the counterclaim.
6  32.  Astadia denies the allegations of Paragraph 54 of the counterclaim.
7  34.  Astadia denies the allegations of Paragraph 55 of the counterclaim.

8  **ELEVENTH CLAIM FOR RELIEF**

9  35.  Astadia incorporates by reference its responses to Paragraphs 1
10 through 17 and 42 through 44 of the counterclaim and realleges them as if fully set
11 forth herein.
12 36.  Astadia denies the allegations of Paragraph 57 of the counterclaim.
13 37.  Astadia denies the allegations of Paragraph 58 of the counterclaim.
14 WHEREFORE, Astadia prays for judgment as set forth below.

15 **AFFIRMATIVE DEFENSES**

16 Astadia asserts the following separate and distinct defenses to TCM's
17 alleged counterclaims. Insofar as any of the following paragraphs express denial of
18 an element of the claims, or any of them, alleged against Astadia, such expression
19 is in no way intended as a concession that TCM is relieved of its burden to prove
20 each and every element of any such claim.

21 **FIRST AFFIRMATIVE DEFENSE**
22 **(Failure to State a Cause of Action)**
23 1.  The counterclaim and each and every cause of action therein fail to
24 state facts sufficient to constitute a cause of action against Astadia.

25 **SECOND AFFIRMATIVE DEFENSE**
26 **(Failure to Mitigate)**

ANSWER OF ASTADIA CONSULTING, LLC TO COUNTERCLAIM OF THE COMPUTER MERCHANT, LTD.

2.   TCM failed to exercise reasonable care and diligence to protect itself from or to mitigate any damages that it may have sustained by reason of the matters alleged in the counterclaim.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3.   The counterclaim and each and every cause of action alleged therein are barred in whole or in part due to TCM's own conduct, which constitutes an estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4.   The counterclaim and each and every cause of action alleged therein are barred in whole or in part because TCM knowingly and voluntarily waived any rights that it may have had to recover sums from Astadia.

### FIFTH AFFIRMATIVE DEFENSE
### (Parol Evidence Rule)

5.   The Seventh through Tenth claims of the counterclaim are barred in whole or in part by the parol evidence rule as set forth in California Code of Civil Procedure section 1856 and judicial authority.

### SIXTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

6.   The counterclaim and each and every cause of action alleged therein are barred in whole or in part by TCM's failure to exercise due care or caution for the protection of its interests. Had TCM exercised due care and caution, its damages, if any would otherwise be recoverable, would have been avoided or lessened.

//

## SEVENTH AFFIRMATIVE DEFENSE
### (Actions of Third Parties/Lack of Causation)

7. The damages, if any, allegedly suffered by TCM were caused by the actions of third parties. Therefore, if Astadia is found liable to TCM, it is entitled to indemnification, reduction in damages, or offset based upon the comparative liability of such other individuals or entities.

## EIGHTH AFFIRMATIVE DEFENSE
### (Limitation of Remedies)

8. TCM is barred from recovery by the limitations on remedies set forth in the contracts between TCM and SFDC and between TCM and GrowthCircle.

## NINTH AFFIRMATIVE DEFENSE
### (Excuse)

9. Astadia asserts that its performance was excused by TCM's breach of its agreement.

## TENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

10. Astadia asserts that TMC would be unjustly enriched if allowed any recovery on the counterclaim.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Impossiblity)

11. Astadia asserts that its performance was rendered impossible by the actions of TMC.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

1  12. Astadia asserts that the conditions precedent to certain of its contractual obligations have not arisen and therefore it had no duty to perform such obligations.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Constitutionality of Punitive Damages)

13. An award of punitive damages under the facts alleged would violate the United States and California constitutions.

### RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

14. Astadia has not knowingly or intentionally waived any applicable defenses and it reserves the right to assert and rely on other applicable defenses as may become available or apparent upon clarification of TCM's claims or during discovery in this matter. Astadia reserves the right to amend or seek to amend its answer and/or affirmative defenses.

WHEREFORE, Astadia prays for judgment as follows:

1. That TCM take nothing by way of its counterclaim;
2. That the counterclaim be dismissed in its entirety with prejudice and that judgment be entered in favor of Astadia;
3. For costs of suit;
4. For such other and further relief as the Court deems just and proper.

Dated:  September 24, 2007      McGRANE GREENFIELD LLP


By: /s/ Christopher D. Sullivan
    CHRISTOPHER D. SULLIVAN
    Attorneys for Counter-Defendant
    Astadia Consulting LLC

ANSWER OF ASTADIA CONSULTING, LLC TO COUNTERCLAIM OF THE COMPUTER MERCHANT, LTD.