1  ROBERT T. SULLWOLD (SBN 88139)
   JAMES A. HUGHES (SBN 88380)
2  SULLWOLD & HUGHES
   235 Montgomery Street, Suite 730
3  San Francisco, CA  94104
   (415) 263-1850
4  (415) 989-9798 FAX

5  Attorneys for Plaintiff
   salesforce.com, inc.

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  SALESFORCE.COM, INC., a Delaware        Case No.:   C 07 3556 WHA
    Corporation,
13
                  Plaintiff,               JOINT CASE MANAGEMENT CONFERENCE
14                                         STATEMENT
          v.
15                                         F.R.C.P. 16 and Civil L.R. 16-10
    THE COMPUTER MERCHANT, LTD, a
16  Massachusetts Corporation,             Date:   October 18, 2007
                                           Time:   11:00 a.m.
17                Defendant.               Place:  Courtroom 9, 19th Floor
                                           Judge:  Honorable William Alsup
18

19  AND RELATED COUNTERCLAIMS

20

21          Plaintiff and Counter-Defendant salesforce.com, inc. ("SFDC"), Defendant,

22  Counterclaimant and Counter-Defendant The Computer Merchant, Ltd. ("TCML"), and Counter-

23  Defendant and Counterclaimant Astadia Consulting, LLC ("Astadia) jointly submit this Case

24  Management Statement in advance of the October 18, 2007 Case Management Conference.

25          **1.  Jurisdiction and Service**

26          The Court has subject matter jurisdiction over the claims alleged in this action under 28

27  U.S. Code §1332, in that the matter in controversy exceeds the sum of $75,000 and is between citizens

28  of different states.  No issues exist regarding personal jurisdiction.  Venue is proper pursuant to forum

1

1  selection clauses contained in written contracts between SFDC and TCML, as well as between TCML

2  and Astadia.  However, TCML is considering a motion to change venue to the District of Massachusetts

3  on convenience grounds under 28 U.S.C. §1404(a) and/or based on alleged fraud in the inducement to

4  those contracts that occurred there.

5          **2.  Facts**

6          SFDC offers the use of an on-demand Customer Relationship Management ("CRM")

7  software application that it hosts on its computer servers.  Through SFDC's "AppExchange," both

8  SFDC and third-party application developers offer additional software applications that can be installed

9  in a customer's account with SFDC.  TCML is a staffing firm specializing in the placement of

10 Information Technology consultants in temporary and permanent job assignments.  Astadia provides

11 consulting and software programming services for the deployment, implementation, and customization

12 of "software as a service" technology solutions, including SFDC's application (the "Software").

13         Beginning in or about November, 2005, TCML inquired of SFDC as to the possibility of

14 purchasing SFDC's services to meet certain of TCML's operating software needs.  The parties thereafter

15 communicated by phone and email and met at TCML's offices in Massachusetts, where both SFDC and,

16 ultimately, its recommended integrator Astadia, sought to sell their services to TCML.  TCML provided

17 certain information to SFDC, and to Astadia, regarding TCML's needs.  SFDC conducted a

18 demonstration of what its service could do for TCML that TCML contends showed TCML what it

19 needed to see but was materially misleading.  SFDC and Astadia deny this.  The parties dispute the

20 content and accuracy of what was said in these discussions and presentations.

21         Thereafter, on May 31 and June 1, 2006, SFDC and TCML entered into contracts by

22 which SFDC agreed to make its application available to TCML on a three-year subscription basis, for

23 which TCML agreed to pay a total fee of $703,625.00, plus tax, with each year's fee due and payable

24 annually in advance.  Astadia (through its predecessor, GrowthCircle LLC) and TCML entered into a

25 Professional Services Agreement, effective June 9, 2007, pursuant to which Astadia agreed to provide

26 implementation, integration and customization services to TCML in connection with TCML's use of

27 SFDC's CRM application.

28

2

1    In February, 2007, TCML decided to terminate Astadia's implementation effort.  TCML

2  asserts it made this decision because the SFDC application did not deliver, and never would be able to

3  deliver, the functionality as demonstrated and represented by SFDC and Astadia, at least not without

4  what TCML considered to be a software creation effort, as distinct from the simple repurposing and

5  reconfiguration it expected, with increased risk of failure and increased and ongoing costs.  Astadia and

6  SFDC disagree with TCML's assertions.  According to Astadia and SFDC, the required functionality

7  would have been delivered had TCML allowed Astadia and/or SFDC to complete the project, and any

8  question about the level of customization needed stemmed from TCML's failure to specify all of its

9  requirements at the project's inception.

10    TCML paid the first year's subscription fee to SFDC, but has refused to pay the second

11  year fee and has repudiated any obligation to pay the third year fee.  SFDC contends that the contractual

12  fee is $244,518.75 (including tax) per year.  As a result, SFDC's claims for two years of subscription

13  fees totals 489,037.50.  SFDC filed this action to recover that amount, plus interest.  SFDC's complaint

14  alleges a breach of contract claim and two common counts.

15    TCML denies that it owes any further amounts under its contract with SFDC, and by way

16  of counterclaim seeks to recover $288,133.01 that it alleges it paid to SFDC in upfront subscription fees.

17  TCML also alleges that it incurred additional implementation expenses, including hardware costs and

18  consulting fees to Astadia, for which it also seeks recovery. TCML has not yet ascertained these costs.

19  TCML alleges claims for fraud, breach of express warranty, breach of implied warranty, breach of

20  contract, breach of the covenant of good faith and fair dealing, and violation of the unfair competition

21  law against SFDC.  TCML's claims against Astadia mirror those it pleads against SFDC, except it does

22  not allege a breach of implied warranty claim against Astadia.

23    Astadia provided professional services for which it contends that it has invoiced TCML

24  in the amount of $184,318.06, which invoices TCML has declined to pay.  In its counterclaim against

25  TCML, Astadia seeks to recover these unpaid fees.  Astadia pleads a claim for breach of contract and

26  two common counts.

27    The principal disputed factual issues the parties have identified to date are:  (1) the nature

28  and content of any demonstrations of, or representations about, the functionality of the SFDC

3

application and related software; (2) whether either SFDC or Astadia ever represented that the TCML technology solution would require only minor configuration and repurposing; (3) whether the SFDC application did or could deliver the functionality as demonstrated and represented by SFDC and Astadia; (4) whether the SFDC application did or could deliver the functionality as specified by TCML; (5) whether and to what extent TCML fully and timely identified its business software requirements to SFDC and Astadia; (6) the amount of the Astadia invoices that TCML has paid and declined to pay.

### 3. Legal Issues

To date, the parties have focused on the factual disputes underlying their claims, and are in the process of complying with their respective voluntary disclosure obligations. They therefore have not yet compiled, and feel they cannot yet compile, a detailed list of legal issues with supporting authority. With that limitation in mind, one or more of the parties presently contemplate that the court may be called upon to apply legal rules governing one or more of the following: fraud in the inducement; the parol evidence rule; contractual limitation of remedy provisions; and contractual choice of forum and choice of law provisions.

### 4. Motions

No motions have been made to date, nor are any pending. All parties anticipate motions for summary judgment, either as to the entire action or particular claims or defenses. In addition, as previously mentioned, TCML is considering a motion to change venue.

### 5. Amendments of Pleadings.

The parties do not currently anticipate any amendments to the pleadings, and propose a deadline of March 15, 2008 (after initial discovery can be conducted) for filing any motion(s) to amend.

### 6. Evidence Preservation

SFDC has confirmed that no automatic document deletion or destruction program applies to individuals involved in the transaction with TCML. SFDC also has confirmed that backup tapes that could include relevant documents are excluded from further backup rotation. In addition, SFDC has communicated in writing to individuals involved in the TCML transaction, instructing them to retain all communications (both internal and external) and documents that they have regarding TCML, and not to destroy any materials that relate to TCML.

1    TCML understands that none of the Software or customization work at issue was done on

2    its own computer systems.  Accordingly, the only electronic documents TCML possesses that are

3    potentially relevant to the issues in this action are records relating to documents, contracts, and other

4    communications transmitted between the parties, and data constituting its old software systems and their

5    functionality, which TCML contends it showed SFDC and Astadia in connection with explaining its

6    needs.  TCML has taken measures to preserve those systems.  TCML has determined that its ordinary

7    and customary document maintenance procedures will not over-write, dispose of, or otherwise destroy

8    any of the above-described evidence.  TCML has transitioned email systems, but its old email system

9    data has been preserved and the new system data is not being destroyed pursuant to a document

10   maintenance program or other routine practice.  TCML has segregated its old data and systems and has

11   instructed all relevant employees to maintain potentially relevant material.  TCML is in the process of

12   identifying all potentially relevant communications for production.  If and when additional facts are

13   sought to be discovered or asserted to be relevant by other parties, TCML will undertake to ensure the

14   preservation of that material.

15   Astadia has caused the file for TCML to be retrieved from the Growth Circle server and

16   to be preserved.  Astadia has instructed all relevant employees not to delete any e-mails or related

17   electronic files relevant to this dispute and confirmed that no automatic destruction or deletion of the

18   files will remove any existing electronic files.

19   **7.  Disclosures**

20   The parties have complied with the requirements of Fed. R. Civ. P. 26(a)(1)(B) by

21   identifying individuals with discoverable information, describing by category and location documents

22   that may be used to support a party's claims or defenses, and providing a computation of damages

23   claimed.  The parties are in the process of preparing their exchange of copies of supporting documents,

24   which they have agreed will be produced as "TIF" images, together with a "load file" for use in CT

25   Summation, or such other format as may reasonably be requested including but not limited to PDF.  The

26   parties have reserved their right to view the originals and to receive all electronic and/or magnetic data

27   in its native format.

28   ///

JOINT CASE MANAGEMENT CONFERENCE STATEMENT          Case No.:   C 07 3556 WHA

### 8.  Discovery

The parties have not taken any discovery to date.  The parties anticipate the following discovery:

(a) The parties will complete the exchange of documents pursuant to their initial disclosure obligations.

(b) Follow-up requests for documents, if and as necessary.

(c) An initial wave of depositions, which would include approximately three witnesses from TCML, approximately two witnesses from SFDC, and approximately two witnesses from Astadia.

(d) If the matter cannot be resolved based on the discovery listed above, the parties anticipate that an additional currently unknown number depositions of fact witnesses would be required to prepare the matter for trial.  The parties anticipate this additional number would not exceed 10.

### 9.  Class Actions

Not applicable.

### 10. Related Cases

There are no related cases.

### 11. Relief

SFDC seeks recovery of the unpaid balance of TCML's three-year subscription.  SFDC contends this amount, which is based on the terms of the contract between SFDC and TCML, totals $489,037.50 (including tax), plus interest at the legal rate from and after the date on which each payment was due.

TCML seeks recovery of all fees it has paid in connection with its agreements with SFDC and Astadia, the voiding of the contracts at issue, and consequential damages in the form of lost time and labor investment by TCML.

Astadia seeks recovery of $184,318.06, plus interest, the amount it contends are reflected on outstanding invoices sent to TCML.

### 12. Settlement and ADR

The parties have informally discussed settlement and exchanged settlement proposals, but were not able to reach agreement.  They have stipulated to mediation as their ADR option, and have

complied with the requirements of ADR Local Rule 3-5.  The parties have agreed that they need to conduct key discovery before the mediation, in order to make mediation productive, and that such discovery includes completing the exchange of documents and conducting depositions of three to five percipient witnesses.

### 13. Consent to Magistrate Judge For All Purposes

None of the parties consent to having the case assigned to a Magistrate Judge for all further proceedings.

### 14. Other References

The parties agree that the case is not suitable for binding arbitration or a special master. This case is also not suitable for reference to the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties are not aware of any issues that can be narrowed by agreement at this time.  If not resolved through mediation, the parties contemplate that motions for summary judgment will be filed and, if not completely dispositive, may narrow the issues for trial.  The parties have not yet had any discussions about trial and therefore not prepared to provide suggestions to expedite presentation of trial evidence.  At this time, it does not appear feasible or desirable to bifurcate issues for trial, but the parties will further consider that issue after the Court rules on any summary judgment motions.

### 16. Expedited Schedule

This case is not appropriate for handling on an expedited basis with streamlined procedures.

### 17. Scheduling

The parties propose the following case schedule:

Trial:  September 22, 2008.

Non Expert discovery cut-off:  May 30, 2008.

Expert designation and reports due:  May 30, 2008.  Opposition reports due fourteen calendar days thereafter and reply reports seven days after opposition reports.  Expert discovery cutoff fourteen days after deadline for reply reports.

Dispositive Motion filing deadline:  July 3, 2008.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT        Case No.:  C 07 3556 WHA

1    Final Pretrial Conference:  August 25, 2008.

2    **18. Trial**

3    TCML has demanded a trial by jury.  SFDC and Astadia are willing to try the case to the

4    Court.  The parties expect a jury trial to take approximately 7-10 trial days.

5    **19. Disclosure of Non-Party Interested Persons or Entities**

6    The parties have filed certifications of interested parties or persons.

7    SFDC is a publicly-held corporation.  It has no parent corporation.  Many institutions and

8    mutual funds are holders of its stock.  The two largest such holders are Fidelity-related funds and TCW

9    Funds.  If the Court deems it necessary, SFDC can supply a list of other mutual funds with significant

10    holdings.  In addition, many individuals, including SFDC insiders, hold its stock.

11    TCML is privately held by the TCML Business trust under which Mr. John Danieli

12    and/or members of his immediately family hold 100% of the beneficial interests.

13    Astadia Consulting, LLC has no parent corporation and no publicly held corporation

14    owns 10% or more of its stock.

15    **20. Other matters any party considers conducive to the just, speedy and inexpensive
    determination of this action.**

16

17    The parties have no other matters that they presently consider conducive to the just,

18    speedy and inexpensive determination of the action.

19    DATED:  October 11, 2007                                ROBERT T. SULLWOLD
                                                              JAMES A. HUGHES
20                                                            SULLWOLD & HUGHES

21

22    By:  _____/S/_____
                                                              JAMES A. HUGHES
23                                                            Attorneys for Plaintiff
                                                              SALESFORCE.COM, INC.

24    DATED:  October 11, 2007                                McGRANE GREENFIELD LLP

25

26    By:  _____/S/_____
                                                              CHRISTOPHER D. SULLIVAN
27                                                            Attorneys for Counter-Defendant and
                                                              Counterclaimant
28                                                            ASTADIA CONSULTING, LLC

8

1

2
DATED:  October 11, 2007                      GALLO & ASSOCIATES

3

4
                                              By: _____/S/_____
                                                       RAY E. GALLO
5                                                   Attorneys for Defendant
                                                    and Counterclaimant
6                                              THE COMPUTER MERCHANT, LTD.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT         Case No.:   C 07 3556 WHA